HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JULIO C. ORELLANA,

Defendant.

Case No. CR05-5495 RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to Suppress Search Warrant Evidence [Dkt. #49].

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Defendant challenges the search warrant on the basis that the affidavit failed to show probable cause that evidence of his alleged drug dealing would be found at 3504 East McGloughlin in Vancouver, Washington.  He claims that the affidavit does not establish probable cause to believe that 3504 East McCloughlin was the defendant's residence.  The issuing judge in considering a search warrant affidavit, using common sense and the totality of the circumstances, must decide whether there is a "fair probability" that evidence of a crime or contraband will be found in the place to be searched.  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  This Court, in reviewing an affidavit for a search warrant, must give "great deference" to the issuing judge's determination of probable cause.  *United States v. Terry*, 911 F.2d 272, 275 (9th Cir. 1990).

It is well-settled that evidence of drug trafficking "is likely to be found where the dealers live." *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986).

The affidavit clearly set forth a nexus between the defendant's drug trafficking activity and 3504 East McGloughlin. The CI made four controlled buys from Orellana. On two of the buys, officers observed the defendant leave the house shortly after being contacted by the CI and go directly to the meeting place established. On one occasion, Orellana made a brief stop at another location before meeting the CI. After all four controlled buys, the defendant went directly back to 3504 East McGloughlin. When the CI had informed the police that Orellana was going to be gone to California to pick up more drugs, surveillance officers sat on the house and did not see the defendant there. They did observe, however, a woman identified as the defendant's girlfriend, twice stop by the home briefly as if to check on things there. This factual pattern clearly establishes Orellana's connection to 3504 East McGloughlin and the issuing judge was correct in his determination that it was "reasonable to seek" evidence of drug trafficking activity at the house. *United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002). It is therefore

**ORDERED** that Defendant's Motion to Suppress Search Warrant Evidence [Dkt. #49] is **DENIED**.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 6th day of March, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE